IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THEODORE LUCERO,

      Plaintiff,

vs.                                                                  No.

THE UNITED STATES OF AMERICA,

      Defendant.

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES FROM MOTOR VEHICLE COLLISION ARISING UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, by and through his attorney of record, Theodore W. Barudin [BARUDIN LAW FIRM, P.C.] states as follows:

**PARTIES**

1. Plaintiff Theodore Lucero bring his claims for relief for his injuries and damages which occurred on December 28, 2015 in Gallup, New Mexico.

2. Upon information and belief, Defendant United States of America provided federal funds to the Navajo Nation under the Indian Self Determination Act, P.L. 93-638. Defendant United States of America, through its agents, employees, and through the Department of Interior, and the Bureau of Indian Affairs Office of Law Enforcement Education, are all federal agencies which are amenable to suit pursuant to the Federal Tort Claims Act ["FTCA"].  The Navajo Nation is a federally recognized tribe of Indians, and, upon information and belief, had an Indian Self-Determination Act (P.L. 93-638) contract with the United States through its agency, the Department of the Interior, Bureau of Indian Affairs, Division of Law Enforcement, for the operation of the

1

Navajo Police Department for the Navajo Nation, and specifically, the Crownpoint Police Department and/or Window Rock Police Department. Upon information and belief, the Navajo Nation has insured its motor vehicle operations under its contract with the United States as required by P.L. 93-638, inasmuch as the Navajo police and its police personnel are deemed federal employees under the FTCA.

3. All acts and claims arise within and without the exterior boundaries of the Navajo Nation. Plaintiff was injured as a direct and proximate result of law enforcement negligence of the United States and the Navajo Nation, Crownpoint and/or Window Rock Districts, wherein on December 28, 2015, Navajo police officer Patricia Henry (hereinafter "HENRY") committed a hit and run collision with Plaintiff while in her official Navajo police officer uniform and operating an officially issued Navajo police vehicle, thereby giving this Court proper venue and personal and subject matter jurisdiction over the parties and claims for relief.

4. At all times material, HENRY is to be deemed a federal employee for invoking liability against the United States under the FTCA.

5. If the Defendant were a private person it would be liable to the Plaintiff in accordance with the laws of the State of New Mexico.

6. On March 18, 2016, within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to the United States Department of the Interior, pursuant to 28 U.S.C. §2675(a).

7. On September 21, 2016, the United States through the United States Department of the Interior, Office of the Solicitor, denied Plaintiff's claims.

8. On December 12, 2016, Plaintiff timely filed his Amended Form 95 and Request for

Reconsideration pursuant to 28 CFR Section 14.2(c) and 28 U.S.C. §2675(a).

9. On December 19 and 22, 2016, Defendant received the Amended Form 95 and Request for Reconsideration.

10. To date, Defendant has not taken any final action on Plaintiff's Request for Reconsideration and Amended Form 95, thereby making this claim ripe for adjudication.

11. This Court has jurisdiction over the parties and subject matter pursuant to 28 USC §§ 1346(b) and 2671.

## FACTS GERMANE TO ALL COUNTS

12. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 11 as though recited at length herein.

13. On December 28, 2015 at approximately 3:45 p.m., Mr. Lucero was traveling on southbound Patton Drive and was approaching the intersection of Patton Drive and Historical Route 66 in Gallup, New Mexico.

14. Mr. Lucero had the green light and proceeded through the intersection to make a left hand turn onto westbound Route 66. While making his left hand turn, a Navajo Nation police cruiser driven by HENRY ran the red light and struck Mr. Lucero's vehicle on the left driver's side. HENRY's police unit had New Mexico license G-87329.

15. The impact was so severe that Mr. Lucero's vehicle spun around in a 360 degree rotation. It is important to note that Mr. Lucero's vehicle was a 1 ton pickup thereby demonstrating the force and speed of the police vehicle at the time of the impact.

16. HENRY then left the scene of the accident. Several witnesses saw the incident unfold and followed her as she sped down Route 66 and ultimately onto State Highway 118.

17.     These witnesses called 911 and alerted the Gallup Police Department of what had occurred. Both the Gallup Police Department and the McKinley County Sheriff's Department found HENRY on State Highway 118 and Sundance Drive sitting in her vehicle.

18.     Deputy Ivan Tsethilikai of the McKinley County Sherriff's Department spoke to HENRY and asked what happened. HENRY admitted that she had hit a vehicle and then "freaked out" upon doing so, and kept driving. Deputy Guerrero secured Officer Henry's service revolver and also asked HENRY a series of questions.

19.     The most notable one is when he asked Officer Henry when she started working that day she stated "28 years". McKinley County Sherriff's Department DWI Unit, Deputy Guerrero, also observed Officer Henry had bloodshot, watery and glassy eyes.

20.     Officer Henry's commanding officer, Sgt. Rogers, was contacted regarding this incident. Deputy Guerrero's statement included the fact that when Sgt. Rogers was notified about the HENRY collision, Sgt. Rogers seemed not to care what had occurred.

21.     Crownpoint Police Officer Caramine Largo arrived at the location of where HENRY had finally stopped her vehicle, where he took control of both HENRY's service revolver and marked patrol unit. Officer Largo then dismissed both Gallup Police and McKinley County Sheriff's Department personnel and continued with his own investigation.

22.     The collision occurred as a direct and proximate result of the negligence of federal employees of the Defendants, the United States of America and the Navajo Nation, while acting within the scope of their duties in the operation of said police vehicle.

23.     As a direct and proximate result of the negligence of the defendants, Plaintiff suffered serious and permanent injuries.

### COUNT I- <u>NEGLIGENT OPERATION OF A MOTOR VEHICLE RESULTING IN SERIOUS AND PERMANENT INJURIES</u>

24. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 23 as though recited at length herein.

25. On December 28, 2015 at approximately 3:45 p.m., Mr. Lucero was traveling on southbound Patton and was approaching the intersection of Patton and Historical Route 66 in Gallup, New Mexico.

26. Mr. Lucero had the green light and proceeded through the intersection to make a left hand turn onto westbound Historical Route 66. While making his left hand turn, a Navajo Nation police cruiser driven by HENRY ran the red light and struck Mr. Lucero's vehicle on the left driver's side.

27. The impact was so severe that Mr. Lucero's vehicle spun around in a 360 degree rotation. It is important to note that Mr. Lucero's vehicle was a 1 ton pickup thereby demonstrating the force and speed of the police vehicle at the time of the impact.

28. HENRY then left the scene of the accident. Several witnesses saw the incident unfold and followed her as she sped down Historic Route 66 and ultimately onto State Highway 118.

29. These witnesses called 911 and alerted the Gallup Police Department of what had occurred. Both the Gallup Police Department and the McKinley County Sheriff's Department found HENRY on State Highway 118 and Sundance Drive sitting in her vehicle.

30. Deputy Ivan Tsethilikai spoke to HENRY and asked what happened. HENRY admitted that she had hit a vehicle and then "freaked out" upon doing so, and kept driving. Deputy

Guerrero secured Officer Henry's service revolver and also asked HENRY a series of questions.

31. The most notable one is when he asked Officer Henry when she started working that day and she stated "28 years". Deputy Guerrero also observed Officer Henry had bloodshot, watery and glassy eyes.

32. HENRY's Commanding Officer, Sgt. Rogers, was contacted regarding this incident. Deputy Guerrero's statement included the fact that when Sgt. Rogers was notified HENRY seemed not to care what had occurred.

33. Crownpoint Police Officer Caramine Largo arrived where he took control of both HENRY's service revolver and marked patrol unit. Officer Largo then dismissed both Gallup Police and McKinley County Sheriff's Department personnel and continued with his own investigation.

34. The collision occurred as a direct and proximate result of the negligence of federal employees of the Defendants, the United States of America and the Navajo Nation, while acting within the scope of their duties in the operation of said police vehicle.

35. As a direct and proximate result of the negligent conduct of HENRY, the vehicles described hereinabove did collide with great force and impact.

36. Defendant breached the duty of keeping a safe lookout and maintaining driver attention, thereby proximately causing the collision described herein.

37. As a further direct and proximate result of HENRY's and Defendant's negligent conduct, Plaintiff suffered serious and permanent injuries.

## COUNT II
## NEGLIGENCE PER SE

38. Plaintiff realleges and incorporates by reference the allegations contained in

Paragraphs 1 through 37 as though recited at length herein.

39. At all times material, the State of New Mexico has motor vehicle law and regulations for compliance by motorists using the roads of the State, and are incorporated in Chapter 66, "Motor Vehicles", NMSA 1978, Sections 66-1-1 *et. seq*.

40. On December 28, 2015, the Gallup Police Department investigating police officer R. Blackgoat, took law enforcement action identified as "Immediate Notice of Accident", "Red light violation", and "Failure to Render First Aid" against HENRY for her acts and failures to act in proximately causing said collision.

41. The collision occurred as a direct and proximate result of the *negligence per se* of a federal employee(s) of the Defendant and HENRY, while acting within the scope of their duties in the operation of said police vehicle.

42. As a direct and proximate result of the negligent conduct of HENRY, the vehicles described hereinabove did collide with great force and impact.

43. Defendant breached the State of New Mexico traffic statutes as outlined herein, thereby proximately causing the collision described herein.

44. As a further direct and proximate result of HENRY's and Defendant's negligent conduct, Plaintiff suffered serious and permanent injuries.

## COUNT III – NEGLIGENT TRAINING AND SUPERVISION

45. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 44 as though recited at length herein.

46. As the owner of the vehicle used and operated by HENRY, Defendant had a duty to ensure to the class of persons, such as Plaintiff, that the vehicle utilized by HENRY would be operated safely on the roads of the United States, particularly the State of New Mexico.

47. As the owner and operator of the patrol unit utilized by HENRY, it was foreseeable that said vehicle would be operated in a location where other vehicles would be operated and cross paths with the patrol unit.

48. As the owner of the patrol unit given to HENRY to use for her employment with the Navajo Department of Law Enforcement on the date and time alleged herein, Defendant was negligent in the training and supervision of HENRY and this patrol unit, without limitation, in the following manner:

   a. Failed to adequately train, instruct, and evaluate HENRY in the safe and reasonable operation of said vehicle;

   b. Failed to adequately train, instruct, direct, and supervise HENRY in the safe operation of an official police vehicle when in a collision;

   c. Failed to adequately train, instruct, direct, and supervise HENRY in the safe operation of an official police vehicle when in a collision and not leave the scene of a collision;

   d. Failed to adequately train and supervise HENRY in rendering first aid;

   d. Failed to reasonably instruct HENRY in the safe and reasonable speed and operation of the patrol unit;

49. As a further direct and proximate result of Defendant's negligent conduct and breach of the aforementioned duties, Plaintiff suffered serious and permanent injuries.

## COUNT IV- PAYMENT OF PROPERTY DAMAGE

50. Plaintiff realleges the allegations contained in Paragraphs 1 through 49 as though fully recited at length herein.

51. Plaintiff Lucero was operating a 1986 Chevrolet 1-ton pickup vehicle.

52. Plaintiff has not been compensated for the loss of the vehicle or the loss of use of said vehicle.

53. As a further direct and proximate result of Defendant's negligent conduct and breach of the aforementioned duties, Plaintiff suffered loss of use the vehicle and loss of use of said vehicle.

WHEREFORE, Plaintiff respectfully requests an award of damages based upon the Federal Tort Claims Act, including, without limitation:

1. Compensatory damages, including without limitation, payment of property damage and loss of use of Plaintiff's vehicle caused in this collision;

2. Medical bills;

3. Pain and suffering;

4. Loss of enjoyment of life and hedonic damages;

5. Loss of consortium;

6. Permanent injuries;

7. For all allowable taxable costs;

8. Such other and further relief deemed warranted under the circumstances.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.


By <u>*/s/ Theodore W. Barudin*</u>
Theodore W. Barudin
7900 Menaul Blvd NE
Albuquerque NM  87110-4606
(505) 332-1800
tbarudin@barudinlaw.com
*Attorney for Plaintiff*