IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THEODORE LUCERO and
VALERIE STEWARD,

       Plaintiffs,

vs.                                      CIV 17-0634 SCY/JHR

THE UNITED STATE OF AMERICA and
PATRICIA HENRY,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Plaintiffs' Motion for Summary Judgment on Issue of Liability and Memorandum in Support Thereof, Doc. 67, filed January 29, 2019 and fully briefed March 18, 2019. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P 73(b), the parties have consented to have me serving as the presiding judge and entering final judgment. Docs. 3, 13, 14. Having considered the parties' arguments and all relevant authority, the Court grants in part Plaintiffs' Motion for Summary Judgment and dismisses certain claims for lack of subject-matter jurisdiction.

## BACKGROUND

This case arises from an automobile accident that occurred in Gallup, New Mexico on December 28, 2015. Undisputed Material Fact ("UMF") 38, 40. On that day, Plaintiff Theodore Lucero proceeded through a green light to make a left-hand turn when Defendant Patricia Henry, driving a Navajo Nation police vehicle, ran a red light and struck Mr. Lucero's vehicle. UMF 41, 42.

Plaintiff Lucero filed suit in federal Court on June 9, 2017 against only the United States of America. Doc. 1. He later amended his Complaint to add Patricia Henry as a Defendant. Doc. 37. His wife, Valerie Steward, thereafter joined the lawsuit as a Plaintiff. Doc. 49. The operative Complaint alleges seven counts: negligence (Count I) and negligence per se (Count II) against both Defendants; negligent training and supervision (Count III), vicarious liability (Count IV), and negligent retention (Count V) against Defendant United States; and property damage (Count VI) and loss of consortium (Count VII, but labeled as Count VIII) which are not specifically brought against either Defendant. *See* Doc. 49. Plaintiffs now moves for Summary Judgment on the issue of liability, asserting that Defendant Henry, a federal employee with the Navajo Nation who was working in the course and scope of her duties at the time of the accident, drove negligently. Doc. 67 at 2. In response, Defendant United States argues that the Court should deny summary judgment and dismiss certain claims for lack of subject matter jurisdiction. Doc. 71 at 1. Defendant Henry did not respond to the Motion for Summary Judgment.

## STANDARD OF REVIEW

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, a dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). In reviewing

a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *S.E.C. v. Thompson*, 732 F.3d 1151, 1156-57 (10th Cir. 2013) (internal quotation marks omitted). Initially, the party seeking summary judgment has the burden of showing that there is no genuine dispute as to any material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the non-moving party must show that genuine issues remain for trial. *Id.*

B.  Subject Matter Jurisdiction

The Court has a duty to determine whether subject matter jurisdiction exists, whether the parties raise the issue or not. *See Turk v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). "Subject matter jurisdiction must be decided prior to a resolution on the merits", *Pueblo of Zuni v. United States*, 467 F. Supp. 2d 1099, 1105 (D.N.M. 2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)), and a "lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation", *Turk*, 859 F.2d at 844. To resolve disputed jurisdictional facts, a court may consider affidavits or other documents. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

## DISCUSSION

A.  The Court lacks subject matter jurisdiction over Plaintiff Lucero's claims against the United States because Plaintiff Lucero prematurely filed his lawsuit.

Before addressing Plaintiffs' Summary Judgment arguments, the Court must first determine whether it has jurisdiction to consider those arguments. Defendant United States asserts that the Court does not. It argues that Plaintiff Lucero failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA") and the Court should therefore dismiss his claims against the United States. Specifically, Defendant United States contends that the

Court lacks subject matter jurisdiction to consider Plaintiff Lucero's claims because he filed the present lawsuit prematurely -- "before the Agency's final action [on his request for reconsideration] and before the claim could be deemed denied." Doc. 71 at 2.

The United States, as a sovereign, "is immune from suit except as it consents to be sued" and "the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action." *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294-95 (10th Cir. 1977) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). One such consent to be sued is found in the FTCA. *Id.* (citing 28 U.S.C. § 1346(b)). Under the FTCA, the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674.

However, before an individual can bring a lawsuit against the United States under the FTCA he or she must exhaust administrative remedies by presenting the claim to the appropriate federal agency and allowing the agency to finally deny the claim. 28 U.S.C. § 2675(a); *see also Three-M Enterprises, Inc.*, 548 F.2d at 294-95. Once an individual presents a claim, the agency has six months to issue a final decision, after which the claimant can deem the claim finally denied for purposes of bringing a lawsuit. 28 U.S.C. § 2675(a). In other words, Section 2675(a) provides a date before which a lawsuit may not be filed: either six months from when the claim is presented to the agency or the date at which the agency issues a final decision, whichever is earlier. *See Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015). If the claimant is unsatisfied with the agency's final decision, instead of filing a lawsuit, he or she may file a request for reconsideration within six months of the agency's decision. 28 C.F.R. § 14.9(b). The agency will then have six months to issue another final decision and, absent an earlier decision

on the request for reconsideration, the claimant cannot file a lawsuit until that six months has expired. 28 C.F.R. § 14.9(b).

This exhaustion requirement is jurisdictional and cannot be waived. *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016); *see also Barnes*, 776 F.3d at 1139 ("The administrative-exhaustion requirement applicable to FTCA claims 'bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'" (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))); *Lurch v. United States*, 719 F.2d 333, 335 (10th Cir. 1983) ("Bringing an administrative claim is a prerequisite before suit can be brought in United State District Court under the FTCA. The administrative claim must be denied by the agency either in writing or by failure to make a final disposition within six months of filing before claimant can sue." (citing 28 U.S.C. § 2675)). Plaintiffs bear the burden to prove they complied with the FTCA exhaustion requirements. *Wagner v. Jones*, No. CV-13-771 CG/WPL, 2014 WL 12789015, at *7 (D.N.M. Aug. 5, 2014).

The accident at issue in this case occurred on December 28, 2015. UMF 38, 42. On March 18, 2016, Plaintiff Lucero filed a tort claim with the Bureau of Indian Affairs on the Standard Form 95. UMF E. BIA denied his claim on September 21, 2016. UMF G. On December 12, 2016 Plaintiff Lucero submitted a request for reconsideration and an amended tort claim, UMF H, which the agency received on December 22, 2016, UMF J. On June 9, 2017, before receiving a final decision on his request for reconsideration from the agency, Plaintiff Lucero filed suit. Doc. 1. The agency then denied his request for reconsideration on September 13, 2017. UMF J. On February 27, 2018, Plaintiff Lucero filed an amended complaint, adding Patricia Henry as a Defendant. Doc. 37; UMF M. On March 9, 2018, the Court stayed the case while administrative claims made by Plaintiff Lucero's family were pending. Doc. 39; UMF N.

After receiving the final agency denial on Valerie Steward's claim, Plaintiff filed a second amended complaint on September 13, 2018, in which Ms. Steward joined the lawsuit as a Plaintiff. Doc. 49, UMF l, O.

The parties do not dispute that the FTCA prevents a claimant from obtaining jurisdiction in federal court before he has exhausted his administrative remedies. Instead, they dispute whether Plaintiff Lucero met all the exhaustion requirements; specifically, whether he waited the required six months after submitting his request for reconsideration to deem the claim denied and file a lawsuit. Defendant United States argues that Plaintiff Lucero failed to meet this requirement because he filed suit on June 9, 2017, which is not six months after December 12, 2016, the date he submitted his request for reconsideration. Plaintiff Lucero, on the other hand, offers three different way to calculate six months: "He could have calculated the deadline as six 30-day months x six months (180 days), six calendar months (182 days) or six four-week months (168 days)." Doc. 75 at 7. He asserts that "[o]ut of an abundance of caution, Plaintiff Lucero chose the first, making the deadline for the Agency to act June 8, 2017. Having waited the statutory period required to deem the claim for reconsideration denied, he filed his lawsuit on June 9, 2017." Doc. 75 at 7.

Neither the statute nor the regulation define how to calculate six months. However, the plain language of the statute and the regulation lends itself to a reading that six months means six calendar months. *See Nat'l Ass'n of Manufactures v. Dep't of Def.*, 138 S. Ct. 617, 631 (2018) ("Because the plain language of [the statute] is unambiguous, our inquiry begins with the statutory text, and ends there as well." (quotations omitted)). Further, while the parties have not cited to and the Court is unaware of cases that interpret Section 2675's six-month provision, Tenth Circuit precedent interpreting an analogous six-month statute of limitation found in 28

U.S.C. § 2401(b) demonstrates that "six months" means six calendar months rather than 180 days. *See Esposito v. United States*, 368 F.3d 1271, 1272 (10th Cir. 2004) (when claim denied on August 23, 2001 and complaint filed on February 22, 2002 (183 days later), complaint was filed "the day before the six-month deadline for filing suit . . . expired"); *Benge v. United States*, 17 F.3d 1286, 1287-88 (10th Cir. 1994) (when claims denied on June 24, 1991 and complaint filed on December 23, 1991 (182 days later), complaint was filed "only two days before the expiration of the initial six month limitations period"); *see also Trujillo v. United States*, No. CV 05-616 RHS/LAM, 2006 WL 8444566, at *3 (D.N.M. Jan. 23, 2006) (statute requiring suit to be filed within six months of the agency's denial of a claim means the statute of limitation "runs from the day after denial of a plaintiff's administrative claims is mailed through the day before that same calendar date six months later."). Just as these decisions interpreted "six months" to mean six calendar months for purposes of Section 2401, the Court now interprets "six months" to mean six calendar months for purposes of Section 2675.

Plaintiff Lucero filed his request for reconsideration on December 12, 2016. Six calendar months later is June 12, 2017. Plaintiff Lucero filed his lawsuit on June 9, 2017. Because Plaintiff Lucero filed his lawsuit before his request for reconsideration could be deemed denied, the Court lacks subject matter jurisdiction over his lawsuit.

Moreover, "[u]nder the FTCA, 'a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant [his administrative notice of claim.]'" *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (citing 28 C.F.R. § 14.2(a)) (emphasis added). "Thus, a request for reconsideration is not presented to an agency until it is received by the agency. Mailing of a request for reconsideration is insufficient to satisfy the presentment requirement." *Id*. Here, while Plaintiff Lucero submitted his request for reconsideration on December 12, 2016,

UMF H, BIA did not receive it until December 22, 2016, UMF J. One-hundred eighty days after December 22, 2017 is June 20, 2018. Thus, even if the Court were to accept Plaintiff Lucero's assertion that "six months" means 180 days rather than six calendar months, his June 9, 2017 lawsuit came eleven days too soon.

Nonetheless, Plaintiff Lucero asserts: (1) BIA has now issued a final denial on the request for reconsideration (issued September 13, 2017, UMF J); (2) Defendant United States did not participate in the lawsuit until the agency issued its denial letter; and (3) "the Agency had ample and substantial time to review and consider these claims." Doc. 75 at 8. Therefore, Plaintiff Lucero argues that Defendant United States has suffered no prejudice and the Court should not dismiss his claims. Doc. 75 at 6, 8. This appeal to equity is reminiscent of the argument the Supreme Court rejected in *McNeil*. 508 U.S. 106, 111-12 (plaintiff argued that his lawsuit should be considered "instituted" upon formal denial of his administrative claim because "[a]s long as no substantial progress has been made in the litigation by the time the claimant has exhausted his administrative remedies, the federal agency will have had a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation.").

The Supreme Court granted certiorari in *McNeil* to resolve the Circuit split over whether "a prematurely filed FTCA action [can] proceed if no substantial progress has taken place in the litigation before the administrative remedies are exhausted." *Id.* at 110. The Supreme Court answered this question in the negative, rejecting the idea that a prematurely-filed lawsuit can simply be held in waiting for the six-month statutory period to run. *Id.* at 112 ("The most natural reading of the [FTCA] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.") Instead, the Court held that "[t]he

FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id.* at 113; *see also Haceesa v. United States,* 309 F.3d 722, 733 (10th Cir. 2002) ("A district court must dismiss a claim under the FTCA if it was filed before the claim was denied by the federal agency (whether expressly or implicitly)."); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) ("Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired."); *Sowers v. United States*, No. 1:17CV1490 (TSE/IDD), 2018 WL 6709509, at *4 (E.D. Va. Dec. 20, 2018) ("Neither the expiration of six months since the administrative claim was filed nor the [agency's] denial of the claim after the filing of the instant complaint can cure that jurisdictional defect.").

In reaching its decision, the Supreme Court addressed the equities of this seemingly harsh result. First, the Supreme Court noted that the text of Section 2675 is unambiguous and that it is not "free to rewrite the statutory text." *McNeil*, 508 U.S. at 111. Second, the Court pointed out:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id*. at 112. Thus, regardless of the equitable appeal of Plaintiff Lucero's arguments, *McNeil* constitutes binding precedent that requires the Court to dismiss Plaintiff Lucero's lawsuit for lack of subject matter jurisdiction.

Plaintiff Lucero's attempt to avoid *McNeils*'s reach by citing to a Supreme Court decision that preceded *McNeil* also fails. He cites *Irwin v. Department of Veteran Affairs*, 498 U.S. 89 (1990), for the proposition that the Court should allow equitable tolling. Doc. 75 at 10. In *Irwin*, the Supreme Court analyzed the statute of limitation under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-16(c), and found that a limited exception for equitable tolling should apply to the United States as well as to private parties. *Id.* at 95-96. And even more significantly for Plaintiff Lucero, in *United States v. Kwai Fun Wong*, the Supreme Court extended equitable tolling to the statute of limitation under the FTCA, concluding that the FTCA's statute of limitation is subject to equitable tolling because it is not jurisdictional. 135 S. Ct. 1625, 1633 (2015). However, neither *Irwin* nor *Wong* addressed the exhaustion requirement under the FTCA. In an unpublished but persuasive decision, the Tenth Circuit concluded that the rationale that allows for equitable tolling of statutes of limitation does not apply to exhaustion requirements:

> The issue in *Wong* was 'whether courts may equitably toll' the time limits in the Federal Tort Claims Act. The Supreme Court answered yes, holding that 'the [Federal Tort Claims Act's] time bars are nonjurisdictional and subject to equitable tolling.' But the Court did not address the statute's exhaustion requirements. In our view, *Wong* does not affect our precedents addressing the jurisdictional nature of the statutory exhaustion requirement.

*Gabriel v. United States*, 683 Fed. App'x 671, 673 (10th Cir. 2017) (citing *Wong*, 135 S. Ct. at 1630). Applying the reasoning of *Gabriel* to the present case, the Court concludes that the equitable tolling principles the Supreme Court recognized in *Irwin* and *Wong* do not apply to the statutory exhaustion requirements at issue in this case. As a result, *McNeil*, which is the Supreme Court's most recent and specific guidance on the topic, dictates that Plaintiff Lucero's premature filing of his lawsuit deprives the Court of subject matter jurisdiction.

Lastly, the Court must address whether Plaintiff Lucero's Amended and Second Amended Complaint constituted the commencement of a new action after the required six-month waiting period expired. While "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," there is one exception "when a district court allows an amendment by the parties to cure an exhaustion problem . . . ." *Mires v. United States*,

466 F.3d 1208, 1212 (10th Cir. 2006) (citation omitted). For this exception to apply, the parties must "'expressly agree' to the district court's decision to treat the amended complaint as a new action." *De Baca v. United States*, No. CIV 17-1161 JB/KK, 2019 WL 1923387, at *15 (D.N.M. Apr. 30, 2019) (citing *Duplan v. Harper*, 188 F.3d 1195, 1199-1200 (10th Cir. 1999)).

Here, Defendant United States represents that it did not expressly agree to treat the Amended Complaint or the Second Amended Complaint as a new action. Doc. 71 at 20. The record supports the United States' contention. Plaintiff Lucero's Motion for Leave of Court to File First Amended Complaint requests leave to file an amended complaint "allowing Plaintiff to include additional claims against Defendant United States and supplemental claims against Patricia Henry whose liability is claimed to be within the common nucleus of operative facts . . . ." Doc. 34 at 1. Plaintiff Lucero sought to include new claims for relief "supported by newly discovery evidence . . . ." Doc. 34 at 3. The Motion makes no mention of the administrative claim or exhaustion, Doc. 34, and neither Defendant United States' Notice of Non-Opposition to Motion to Amend Complaint nor the Order Granting Plaintiff's Motion for Leave to File First Amended Complaint discuss treating the amended complaint as a new action, Docs. 35, 36. *See* UMF M. Similarly, Plaintiff's Motion for Leave of Court to File Second Amended Complaint requested leave to file a second amended complaint to add "additional claims of Valerie Steward against Defendant United States and the supplemental claims against Patricia Henry." Doc. 47 at 1. Again, neither the unopposed motion nor the Court's Order mention exhaustion or treating the Second Amended Complaint as a new timely-filed action. Docs. 47, 48; UMF O.

In summary, because Plaintiff Lucero prematurely filed his lawsuit, he failed to exhaust his administrative remedies under the FTCA and this Court lacks subject-matter jurisdiction over his claims against the United States. Although this is a harsh result, it is the result binding

precedent dictates and over which this Court has no discretion. *Cf. Three-M Enterprises, Inc.*, 548 F.2d at 295 ("[T]he procedures established pursuant to the [FTCA] must be strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity."). Therefore, the Court will dismiss Plaintiff Lucero's claims against the United States without prejudice under Federal Rule of Civil Procedure 12(h)(3). *See, e.g.*, *Duplan*, 188 F.3d at 1199 (holding that a premature complaint can be cured by filing a new suit). Because the Court lacks jurisdiction over those claims, the Court need not address Plaintiff Lucero's arguments for summary judgment against the United States.

      B.    <u>Plaintiff Steward provided sufficient notice to the administrative agency of her claim for loss of consortium.</u>

Defendant United States also argues that the Court should dismiss Plaintiff Valerie Steward's claims against the United States for failure to exhaust, albeit under a different exhaustion theory. Specifically, it asserts that Plaintiff Steward failed to exhaust her claims because she did not provide sufficient notice of her claims to the agency before filing a lawsuit. Doc. 71 at 21-23. As discussed above, a plaintiff must exhaust her administrative remedies by presenting her claims to the appropriate federal agency before filing a lawsuit against the United States. 28 U.S.C. § 2675(a); *see also Three-M Enterprises, Inc.*, 548 F.2d at 294-95. Section 2675(a) "requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). As with the timing requirement, the notice requirement is jurisdictional and cannot be waived. *Id.* at 853.

The notice requirement, however, is a flexible standard. *Id.* "Several courts in this jurisdiction have . . . interpreted the provision to require notice of the facts and circumstances

underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable." *Id*. The Tenth Circuit has "effectively construed the term 'claim,' as employed in § 2675, as encompassing two requirements: (1) a written statement describing the injury in sufficient detail to allow the agency to begin an investigation into the possibility of potentially tortious conduct, and (2) a request for a sum certain in damages." *Lopez*, 823 F.3d at 976. Thus, "the 'claim' asserted encompasses any cause of action fairly implicit in the facts." *Id.* (citation omitted). While this standard is flexible, "it is not the government's obligation to cast about in the wilderness for every possible source of liability lurking in an administrative claim; rather, the language of the claim itself must serve as a competent guide that, at very least, points the agency to the correct areas of inquiry." *Benally v. United States*, No. 13-CV-0604-MV-SMV, 2016 WL 3200125, at *4 (D.N.M. May 20, 2016), *aff'd* 735 F. App'x 480 (10th Cir. 2018).

In this case, Plaintiff Steward filed a Standard Form 95 on December 12, 2016. UMF K. Under "Basis of Claim," the form reads "Loss of Consortium in reference to an automobile accident involving Theodore Lucero on December 28, 2015." Doc. 71-11 at 2; UMF K. The cover letter submitted with the form includes the claim number for Plaintiff Lucero's administrative claim. *Compare* Doc. 71-8, *with* Doc. 71-11 at 1. The agency denied Plaintiff Steward's claim on June 27, 2018, UMF L, and Plaintiffs filed their Second Amended Complaint on September 10, 2018, adding Steward as a Plaintiff, UMF O; Doc. 81.

Defendant United States asserts that Plaintiff Steward's administrative claim "did not provide notice of the factual basis of the claims raised in the Second Amended Complaint." Doc. 71 at 22. Count VII (incorrectly labeled Count VIII) of the Second Amended Complaint makes a claim for loss of consortium. Doc. 49 at 16. Further, in the introduction section of the Second Amended Complaint Plaintiff Steward explains that she "brings her claim for loss of consortium

injuries and damages that occurred on December 28, 2015 in Gallup, New Mexico . . . ." Doc.

49, ¶ 2. And in her reply to the present Motion, she represents that her "Form 95 list[ed] the

single cause of action, loss of consortium, which Plaintiff Steward claims in her Second

Amended Complaint." Doc. 75 at 18. Thus, Plaintiff Steward has brought a single claim for loss

of consortium.

Her administrative claim provided sufficient notice to the agency of that loss of

consortium claim. Her claim provided the date of the underlying incident, location of the

incident, and the driver's agency. She also clearly incorporated the facts and circumstances of the

underlying automobile accident into her claim by referencing Plaintiff Lucero's claim and

providing his claim number. And she further specified her basis for damages as related to the

underlying accident: loss of consortium. Indeed, she provided sufficient detail of the underlying

accident and her injury to allow the agency to begin an investigation into the possibility of

potentially tortious conduct. Accordingly, Plaintiff Steward properly exhausted her

administrative remedies before filing a lawsuit for loss of consortium.[1]

---

[1] Loss of consortium claims are derivative of injury to another person. *Thompson v. City of Albuquerque*, 2017-NMSC-021, ¶ 9, 397 P.3d 1279. And "a plaintiff who sues for loss of consortium damages must prove-  as an element of loss of consortium damages- that the alleged tortfeasor caused the wrongful injury or death of someone who was in a sufficiently close relationship to the plaintiff, resulting in harm to the relationship." *Id.* ¶ 14. "However, this does not mean that the loss of consortium claim must always be brought with the underlying tort claim, or that actual recovery for the underlying tort is a prerequisite for the recovery of loss of consortium damages." *Id.* Indeed, a plaintiff may bring a derivative claim for loss of consortium separate from the underlying tort "because loss of consortium claimants suffer a direct injury separate from the physical injury to another." *Id.* ¶ 17. Accordingly, although the Court is dismissing Plaintiff Lucero's claims for failure to exhaust, Plaintiff Steward may bring a stand-alone loss of consortium claim.

C.    The Court denies Plaintiff Steward's Motion for Summary Judgment.

While the Court possesses subject matter jurisdiction over Plaintiff Steward's loss of consortium claim, Plaintiff Steward is not entitled to summary judgment on that claim. Although both Plaintiff Lucero and Plaintiff Steward seek summary judgment, Plaintiffs' summary judgment motion focuses on Plaintiff Lucero rather than Plaintiff Steward. Plaintiffs' Undisputed Material Facts neither assert an injury to Plaintiff Steward nor describe the nature of the relationship between Plaintiff Steward and Plaintiff Lucero. Indeed, Plaintiffs' Undisputed Material Facts make no mention of Plaintiff Steward at all. Because Plaintiffs' Undisputed Material Facts fail to support Plaintiff Steward's motion for summary judgment, the Court denies the motion as to Plaintiff Steward.

D.    The Court grants summary judgment in favor of Plaintiff Lucero only against Defendant Henry and only on Count II, negligence per se.

Separate counsel represents Defendant United States and Defendant Henry in this matter. Although Defendant United States responded to Plaintiffs' Motion for Summary Judgment, Defendant Henry failed to respond to the Motion.[2] Accordingly, Plaintiffs argue that "Defendant Patricia Henry consents to the grant of summary judgment against her for Count I: Negligent Operation of a Motor Vehicle and Count II: Negligence per se." Doc. 76 at 1 (citing D.N.M. LR-Civ. 7.1).

This District's Local Rules do provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1. However, summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[2] Plaintiffs filed their Motion for Summary Judgment on January 29, 2019. Doc. 67. Under Local Rule 7.4, Defendant Henry had until February 12, 2019 to respond. By March 18, 2019, Defendant Henry had not filed a response, and Plaintiffs filed a reply. Doc. 76.

to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Tenth Circuit has explained, the burden is on the moving party and "the burden on the nonmovant to respond arises only if the summary judgment motion is properly 'supported' as required by Rule 56(c)." *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). "If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.* at 1194-95.

Accordingly, this Court cannot grant summary judgment simply because Defendant Henry failed to respond to the Motion. Nonetheless, "[b]y failing to file a response within the time specified by the local rule, [Defendant Henry] waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Id.* at 1195; *see also* D.N.M. LR-CIV 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted."). In reviewing summary judgment against Defendant Henry, this Court "should accept as true all material facts asserted and *properly supported* in the summary judgment motion," and determine if those facts "entitle the moving party to judgment as a matter of law." *Reed*, 312 F.3d at 1195 (emphasis added).

Plaintiffs move for summary judgment against Defendant Henry on the two counts brought against her: negligent operation of a motor vehicle (Count I) and negligence per se (Count II).[3] *See* Doc. 49, Doc. 67. In support of their statement of facts, Plaintiffs provide

---

[3] As discussed above, Count I, negligence, and Count II, negligence per se, of the operative Complaint are brought only by Plaintiff Lucero. Doc. 49. However, as an element of her loss of consortium claim, Plaintiff Steward must also prove negligence, negligence per se, or some other theory to show that Defendant Henry "caused the wrongful injury . . . of someone who was in a sufficiently close relationship to [Plaintiff Lucero], resulting in harm to the relationship." *Thompson*, 2017-NMSC-021, ¶ 14.

medical records and other documents including a police department memorandum and a police report. The undisputed, material facts are as follows:

Defendant Henry worked for the Navajo Nation Police Department since 1988. UMF 1. Since at least February 2010, she has had a seizure disorder for which she was receiving treatment. UMF 2, 3. She had been prescribed various dosages for carbamazepine for her seizures. UMF 4. On August 19, 2013, the Navajo Police Department placed Defendant Henry on light duty status with a restriction against driving a police vehicle. UMF 5. She was informed those restrictions would stay in place until the police department received an updated doctor's statement. UMF 25. On April 22, 2015, a doctor released Defendant Henry to drive. UMF 35. On December 28, 2015, Plaintiff Lucero was making a left-hand turn through a green light at the intersection of Patton and Historical Route 66 in Gallup, NM when Defendant Henry, driving a Navajo police vehicle, ran a red light and struck Plaintiff Lucero's vehicle on the left driver's side. UMF 38, 40, 41, 42.

     1.   <u>Negligence</u>

Under New Mexico law, "[a] negligence claim requires that the plaintiff establish four elements: (1) defendant's duty to the plaintiff, (2) breach of that duty, typically based on a reasonable standard of care, (3) injury to the plaintiff, and (4) the breach of duty as cause of the injury." *Zamora v. St. Vincent Hosp.*, 2014-NMSC-034, ¶ 22, 335 P.3d 1243, 1249. It is clear that, at the very least, Defendant Henry owed a duty to Plaintiff Lucero to exercise ordinary care, at all times, to prevent an accident. *See* UJI 13-201 NMRA.

However, based on the undisputed facts, it is less clear that Defendant Henry breached her duty to Plaintiff Lucero. Plaintiffs allege that Defendant Henry breached her duties

> by driving her police unit even though she knew she was not taking her seizure medication as proscribed because a reasonably prudent person would have either taken the seizure medication as proscribed (especially after multiple warnings to do

so by medical doctors) or refrain from driving over a hundred miles because of the
likelihood of having a seizure.

Doc. 67 at 18. Citing the Employee Vehicle Accident Report, Plaintiffs further allege that

Defendant Henry admitted she caused the accident and "admitted she was purposefully taking a

lower dosage of her seizure medication against medical advice." Doc. 67 at 18. True, the

accident report does contain a statement by Defendant Henry that she "got into a vehicle crash

when [she] got a seizure." Doc. 67-9. However, nowhere on the report does Defendant Henry

state she was taking a lower dose of seizure medication against medical advice. Rather, she states

"I don't know . . . how it happened." Doc. 67-9. Plaintiffs have pointed to no evidence to support

their contention that Defendant Henry was not taking her seizure medication as prescribed on the

day of the accident.[4] To the contrary, following the accident, Defendant Henry stated her daily

medications include carbamazepine to treat seizures and that she takes it twice in the morning,

once in the afternoon, and twice in the evening. Doc. 67-7 at 3; *see also* Doc. 67-18 at 1

(Memorandum from Defendant Henry regarding the accident, stating, "I am taking prescribed

mediation Carbamazepine daily for my seizures."). A genuine issue of fact therefore exists, and

Plaintiffs have failed to show they are entitled to judgment as a matter of law based on their

theory of breach of duty for negligence.

---

[4] In their statement of facts, Plaintiffs show that Defendant Henry saw her doctor on November
12, 2015, at which time her doctor noted her seizures remain controlled and her seizure
medication dosage was therapeutic. Doc. 67-8 at 53-54. Her doctor provided an addendum on
January 4, 2016 noting that Defendant Henry's medication dosage was subtherapeutic. Doc. 67-8
at 55; UMF 36. Though not clear in their briefs, Plaintiffs may be relying on this addendum for
their argument that Defendant Henry was not properly taking her seizure medication on the date
of the accident on December 28, 2015. Without more information, the Court will not make the
same assumption. The medical records simply do not specify what dosage Defendant Henry was
taking on the date of the accident and the Court must draw all reasonable factual inferences in
favor of Defendant Henry, the non-moving party.

2.   <u>Negligence per se</u>

Under New Mexico law, negligence per se requires the following:

> (1) there must be a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute, (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the legislature through the statute sought to prevent.

*Archibeque v. Homrich*, 1975-NMSC-066, ¶ 15, 543 P.2d 820. For the first requirement, the statute must specifically define a duty. *Heath v. La Mariana Apartments*, 2007-NMCA-003, ¶ 8, 151 P.3d 903. In this case, Plaintiffs point to multiple statutes which define duties Defendant Henry owed:

- "The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible . . . ." N.M. Stat. Ann. § 66-7-201(A).

- "The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible . . . ." N.M. Stat. Ann. § 66-7-202.

- "The driver of any vehicle involved in an accident resulting in injury or death of any person or damage to any vehicle which is driven or attended by any person shall give his [information] . . . and shall render to any person injured in such accident reasonable assistance . . . ." N.M. Stat. Ann. § 66-7-203.

- "The driver of a vehicle involved in an accident resulting in bodily injury to or death of any person or property damage to an apparent extent of five hundred dollar or more shall immediately . . . give notice of the accident to the police department . . . ." N.M. Stat. Ann. § 66-7-206.

Doc. 67 at 21-22.

Based on the undisputed facts, Defendant Henry violated these statutes.[5] After colliding with Plaintiff Lucero, she left the scene of the accident, failed to render assistance, failed to provide her information, and did not notify the police of the accident. UMF 45. Plaintiff Lucero, as a driver on a public highway and as a driver involved in an accident, is in a class of persons meant to be protected by the statutes. *See* N.M. Stat. Ann. § 66-7-416. And, as a direct result of the accident, Plaintiff Lucero suffered damages these statutes sought to prevent. Accordingly, based on the undisputed facts presented to the Court, Defendant Henry's act of leaving the accident scene constituted negligence per se.

An exception to negligence per se exists when the violation of a statute is determined to be excusable or justified. "To legally justify or excuse a violation of a statute, the violator must sustain the burden of showing that she did that which might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." N.M. R. Civ. UJI 13-1501. The burden of proof is on the person who violated the statute. *Hayes v. Hagemeier*, 1963-NMSC-095, ¶ 22, 400 P.2d 945 (citation omitted); *see also Whitfield Tank Lines, Inc. v. Navajo Freight Lines*, Inc., 1977-NMCA-052, ¶ 17, 564 P.2d 1336 (finding there was evidence in the record that "could very well have excused a violation of a statute, or at least make the violation [a] jury question."). Here, Defendant Henry has not met her burden to show that leaving the scene of the accident was excusable, nor has she provided any facts which would

---

[5] Plaintiffs also argue that Defendant Henry committed negligence per se by running a red light in violation of N.M. Stat. Ann. § 66-7-104. Doc. 67 at 23. For the same reasons Plaintiffs are not entitled to summary judgment on the negligence claim, they are not entitled to summary judgment on the negligence per se claim based on the theory that Defendant Henry is liable for running a red light.

create a genuine issue about whether her action was excusable.[6] Accordingly, the Court will

grant summary judgment for Plaintiff Lucero against Defendant Henry on Count II, negligence

per se, based on her act of leaving the accident scene. As discussed above, because Plaintiff

Steward failed to submit facts that establish loss of consortium as a result of this negligence per

se, the Court denies Plaintiff Steward's motion for summary judgment based on negligence per

se.[7]

      E.     <u>Defendant United States' Motion to Dismiss is denied without prejudice.</u>

On April 18, 2019, Defendant United States filed a Motion to Dismiss. Doc. 81. Shortly

thereafter, Plaintiffs' counsel withdrew from the case, Doc. 82, and the parties agreed that

Plaintiffs' deadline to respond to the Motion is extended until August 1, 2019, Doc. 83.

Accordingly, this Motion is not fully briefed. However, Defendant United States' arguments in

the Motion to Dismiss largely mirror its arguments on exhaustion and jurisdiction made in

response to the present Motion for Summary Judgment. Rather than requiring Plaintiffs to parse

through which arguments have been addressed by this Order and which are still pending, the

---

[6] Although not representing Defendant Henry, in response to the Motion for Summary Judgment, Defendant United States asserts that the Court should deny summary judgment as to Count II, negligence per se, because the parties have not deposed the drivers and "[t]he record does not include sufficient evidence to warrant a finding of summary judgment." Doc. 71 at 29. To the extent Defendant United States is making a Rule 56(d) request to allow more time to obtain discovery before a ruling on the Motion for Summary Judgment, it has not met Rule 56(d)'s requirements. *See Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (holding that Rule 56(d) requires a declaration that (1) identifies the probable facts not available, (2) states why those facts cannot be currently presented, (3) specifies the steps taken to obtain those facts, and (4) explains how additional time will enable the party to obtain facts to rebut the motion for summary judgment).

[7] Plaintiff Steward does not move for summary judgment on Count II (the count against Defendant Henry). Doc. 67 at 20 (asserting only that Plaintiff Lucero is entitled to summary judgment on Count II). However, Plaintiffs both move for summary judgment against the United States based on a theory that the United States is vicariously liable for Defendant Henry's negligence, including the negligence per se alleged in Count II. Doc. 67 at 24-29.

Court will deny the Motion to Dismiss without prejudice. Under the current scheduling order, Defendant United States has until September 30, 2019 to file another Motion to Dismiss, if it so chooses. *See* Doc. 79.

## CONCLUSION

For the above stated reasons, Plaintiffs' Motion for Summary Judgment on Issue of Liability and Memorandum in Support thereof (Doc. 67) is GRANTED IN PART as follows:

1) Plaintiff Lucero's claims against Defendant United States are dismissed without prejudice for failure to exhaust.

2) Plaintiff Steward properly exhausted her claim for loss of consortium.

3) Plaintiff Steward's motion for summary judgment is denied in its entirety.

4) Plaintiff Lucero's motion for summary judgment against Defendant Henry is denied as to Count I: negligence.

5) Plaintiff Lucero's motion for summary judgment against Defendant Henry is granted as to Count II: negligence per se, based on Defendant Henry's act of leaving the accident scene.

It is further ordered that United States of America's Motion to Dismiss and Memorandum in Support (Doc. 81) is DENIED without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent