IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THEODORE LUCERO and
VALERIE STEWARD,

    Plaintiffs,

vs.                                                                          CIV 17-0634 SCY/JHR

THE UNITED STATE OF AMERICA and
PATRICIA HENRY,

    Defendants.

## **MEMORANDUM OPINION AND ORDER DENYING UNITED STATES OF AMERICA'S MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant United States of America's Motion to Dismiss the Claim Asserted By Valerie Steward, filed September 10, 2019. Doc. 92. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. Docs. 3, 13, 14. Having considered the arguments and all relevant authority, the Court denies Defendant United States' Motion to Dismiss.

## **BACKGROUND**

This case arises from an automobile accident that occurred in Gallup, New Mexico on December 28, 2015. Doc. 49 ¶ 35.[1] On that day, Plaintiff Theodore Lucero proceeded through a green light to make a left-hand turn when Defendant Patricia Henry, driving a Navajo Nation police vehicle, ran a red light and struck Mr. Lucero's vehicle. Doc. 49 ¶ 36. Plaintiff Lucero filed suit in federal court on June 9, 2017 against only the United States of America under the

---

[1] The following allegations are taken from Plaintiffs' operative complaint. The Court accepts these allegations as true and recites them in a light most favorable to Plaintiffs.

Federal Tort Claims Act ("FTCA"). Doc. 1. He later amended his Complaint to add Patricia Henry as a Defendant. Doc. 37. His wife, Valerie Steward, thereafter joined the lawsuit as a Plaintiff. Doc. 49. The operative Complaint alleges seven counts: negligence (Count I) and negligence per se (Count II) against both Defendants; negligent training and supervision (Count III), vicarious liability (Count IV), and negligent retention (Count V) against Defendant United States; and property damage (Count VI) and loss of consortium (Count VII, but labeled as Count VIII) which are not specifically brought against either Defendant. *See* Doc. 49. Plaintiff Steward brings only a claim for loss of consortium. *See* Doc. 49, ¶ 2 ("Plaintiff Valerie Steward . . . brings her claims for loss of consortium injuries and damages that occurred on December 28, 2015 in Gallup, New Mexico, when Plaintiff Theodore Lucero was struck by a Navajo police vehicle driven by Patricia Henry.").

On January 29, 2019, Plaintiffs moved for summary judgment on the issue of liability. Doc. 67. In response, Defendant United States argued that certain claims should be dismissed for lack of subject matter jurisdiction. Doc. 71. The Court issued a Memorandum Opinion and Order on July 3, 2019, granting in part Plaintiffs' Motion for Summary Judgment. Doc. 88. In that Order, that Court (1) dismissed without prejudice Plaintiff Lucero's claims against Defendant United States for failure to exhaust his administrative remedies; (2) found that Plaintiff Steward properly exhausted her claim for loss of consortium; (3) denied Plaintiff Steward's motion for summary judgment; (4) denied Plaintiff Lucero's motion for summary judgment against Defendant Henry as to Count I: negligence; and (5) granted Plaintiff Lucero's motion for summary judgment against Defendant Henry as to Count II: negligence per se, based on Defendant Henry's act of leaving the scene of the accident. Doc. 88. Regarding Plaintiff Lucero's claims against the United States, the Court found that Mr. Lucero did not wait the

required six months after submitting a request for reconsideration to the agency needed to deem the claim denied before filing a lawsuit. Doc. 88 at. 7. Accordingly, the Court found that Plaintiff Lucero failed to exhaust his administrative remedies and that it lacked subject matter jurisdiction over his claims asserted against the United States. Doc. 88 at 11-12.

On April 18, 2019, prior to receiving a ruling on Plaintiffs' Motion for Summary Judgment, Defendant United States filed a Motion to Dismiss. Doc. 81. The United States made similar arguments in the Motion to Dismiss as those it made in response to the Motion for Summary Judgment. *Compare* Doc. 71, *with* Doc. 81. Accordingly, in its Order on Plaintiffs' Motion for Summary Judgment, the Court denied without prejudice the Motion to Dismiss, explaining that it would not require Plaintiffs to parse through which arguments the Court addressed in its Order and which arguments are still pending. Doc. 88 at 21. However, the Court noted that Defendant United States was free to file another motion to dismiss, within the case management deadlines set by the Court, on any remaining issues. Doc. 88 at 22.

Defendant United States has now filed another motion to dismiss, seeking to dismiss the only remaining claim against it, Plaintiff Steward's loss of consortium claim. Plaintiff Steward, who is currently proceeding pro se, Docs. 82, 84, did not respond, and the United States filed a Notice of Completion of Briefing on September 29, 2019, Doc. 93. Although failure to respond "in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion," D.N.M.LR-CIV 7.1(b), the Court will consider the United States' motion on its merits. *See Wiatt v. State Farm Ins. Co.*, No. CIV 07-0526 JB/ KBM, 2008 WL 2229631, at *2 (D.N.M. Mar. 24, 2008) (deciding a case on the merits instead of granting the motion as unopposed when the defendant failed to respond according to local rule 7.1(b)).

## STANDARD OF REVIEW

Defendant United States moves to dismiss Plaintiff Steward's loss of consortium claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court considering a challenge under Rule 12(b)(6) may proceed according to a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* For purposes of this second prong, the Court "accept[s] the well-pled factual allegations in the complaint as true, resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (internal citations and quotation marks omitted). "A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

## DISCUSSION

The United States asserts that Plaintiff Steward's claim for loss of consortium is dependent on Plaintiff Lucero's FTCA claims and because the Court previously dismissed Mr.

Lucero's claims, it must also dismiss Ms. Steward's claim. True, under New Mexico law,[2] loss of consortium claims are derivative of an injury to another person. *Thompson v. City of Albuquerque*, 2017-NMSC-021, ¶ 9, 397 P.3d 1279. And "a plaintiff who sues for loss of consortium damages must prove– as an element of loss of consortium damages– that the alleged tortfeasor caused the wrongful injury or death of someone who was in a sufficiently close relationship to the plaintiff, resulting in harm to the relationship." *Id.* ¶ 14; *see also Turpie v. Sw. Cardiology Assoc.*, 1998-NMCA-042, ¶ 7, 944 P.2d 716 ("[T]he defendant must be at least potentially liable to the injured spouse before it can be liable to the spouse seeking loss of consortium damages."). "However, this does not mean that the loss of consortium claim must always be brought with the underlying tort claim, or that actual recovery for the underlying tort is a prerequisite for the recovery of loss of consortium damages." *Thompson*, 2017-NMSC-021, ¶ 14. Indeed, a plaintiff may bring a derivative claim for loss of consortium separate from the underlying tort "because loss of consortium claimants suffer a direct injury separate from the physical injury to another." *Id.* ¶ 17. Accordingly, Plaintiff Steward may bring a stand-alone claim for just loss of consortium.

To be successful on her claim, Plaintiff Steward must prove the underlying tort, i.e. that Defendant Henry caused wrongful injury to Plaintiff Lucero. Had the Court dismissed Plaintiff Lucero's FTCA claims on the merits, such as finding that Mr. Lucero had not plead facts sufficient to establish negligence, Plaintiff Steward's claim would also fail because the Court

---

[2] "[T]he FTCA makes the United States liable on tort claims 'in the same manner and to the same extent as a private individual under like circumstances,' 28 U.S.C. § 2674, and 'in accordance with the law of the place where the act or omission occurred,' 28 U.S.C. § 1346(b)." *Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993). Accordingly, the Court must "resolve questions of liability under the FTCA in accordance with the law of the state where the alleged tortious activity took place." *Id.*

would have already ruled on an element of loss of consortium. *See, e.g.*, *Amparan v. Lake Powell Car Rental Co.*, 882 F.3d 943, 951 (10th Cir. 2018) (finding a loss of consortium claim also fails when the plaintiff did not advance sufficient evidence to make out a prima facie case for the underlying negligent entrustment claim); *Sabeerin v. Fassler*, No. 16-cv-497 JCH/LF, 2017 WL 5311647, at *8 (D.N.M. Nov. 13, 2017) (dismissing loss of consortium claims when the plaintiffs had not plead facts demonstrating liability on the underlying claims). But that is not the case here. Here, the Court did not address the merits of Plaintiff Lucero's tort claims; instead, the Court concluded that Plaintiff Lucero prematurely filed his lawsuit before exhausting all his administrative remedies. Doc. 88 at 11-12.

Defendant United States cites *Danforth v. Medtronic*, No. CIV 08-432 BB/LFG, 2008 WL 11322213 (D.N.M. July 30, 2008) to support its argument that Plaintiff Steward's derivative loss of consortium claim must be dismissed because the Court dismissed Plaintiff Lucero's claims. In *Danforth*, the court dismissed nine counts of the plaintiffs' complaint as time-barred under the applicable statutes of limitation. *Id.* at *1. The court went on to dismiss plaintiffs' loss of consortium claim, finding that it was "entirely derivative of the other claims and will fail by operation of law to the extent plaintiffs' other claims fail." *Id.* at *2. *Danforth* is distinguishable because in the present case the Court has not decided that the underlying tort claim will fail. Rather, the Court dismissed without prejudice Plaintiff Lucero's FTCA claims because he prematurely filed his lawsuit, thereby failing to exhaust his administrative remedies and depriving the Court of jurisdiction over the claims. The Court also found that Plaintiff Steward properly exhausted her administrative remedies for her loss of consortium claim, which necessarily includes the underlying tort. The jurisdictional defect in Plaintiff Lucero's claims

does not impact the legal viability of the underlying tort when brought by Plaintiff Steward, who properly exhausted her administrative remedies.

The case the United States cites out of the District of Connecticut does not undermine this conclusion. In that case, the district court noted that, *under Connecticut law*, a loss of consortium claim is "dependent for its assertion on the legal viability of the cause of action of the injured party." Doc. 92 at 6 (quoting *Freeman v. United States*, 166 F. Supp. 3d 215, 223 (D. Conn. 2016)). In contrast, *in New Mexico* a loss of consortium claim "may be brought as an independent claim . . . ." *Thompson*, 2017-NMSC-021, ¶ 7 (emphasis omitted). Accordingly, the Court does not agree that Plaintiff Steward's loss of consortium claim fails simply because it dismissed Plaintiff Lucero's claims for failure to exhaust.

The Court also finds that Plaintiff Steward has stated a claim for loss of consortium upon which relief can be granted. The operative Complaint sufficiently pleads the underlying tort by alleging that Defendant Henry, an on-duty Navajo police officer, ran a red light and struck Plaintiff Lucero's vehicle, causing damage to Plaintiff Lucero that includes loss of earnings, pain and suffering, and loss of quality of life. Doc. 49 ¶¶ 35, 36, 45. The operative Complaint also alleges that Plaintiff Steward, the wife of Plaintiff Lucero, has been "deprived of the companionship, society, aid, association and comfort of her husband." Doc. 49 ¶¶ 89-90. The Court finds these allegations, assumed to be true, plausibly give rise to an entitlement of relief for loss of consortium.

## CONCLUSION

For the above stated reasons United State of America's Motion to Dismiss the Claim Asserted by Valerie Steward (Doc. 92) is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent