## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THEODORE LUCERO,

      Plaintiff,

      v.                                      Civ. No. 17-634 SCY/JHR

UNITED STATES OF AMERICA,

      Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STRIKE JUDGMENT AGAINST PATRICIA HENRY AND TO DISMISS CASE

      This matter comes before the Court on the United States' Motion to Strike Judgment Against Patricia Henry and for Dismissal of this Case, filed June 11, 2020. Doc. 116. Plaintiff Theodore Lucero, proceeding pro se (*see* Doc. 115) failed to file a response to the Motion, thereby consenting to the Motion. *See* D.N.M. LR-Civ. 7.1.(b). Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 3, 13, 14. Having reviewed the briefs and all relevant authority, the Court grants Defendant's Motion.

### BACKGROUND

      On June 6, 2017, Plaintiff Theodore Lucero filed suit against the United States of America. Doc. 1. He alleges that on December 28, 2015 he was driving in Gallup, NM, proceeding through a green light at an intersection to make a left-hand turn, when a Navajo Nation police cruiser driven by Officer Patricia Henry ran the red light and struck his vehicle. Doc. 1 ¶¶ 1, 13-14. Officer Henry then left the scene of the accident. Doc. 1 ¶ 16. Plaintiff brought claims for negligent operation of a motor vehicle resulting in serious and permanent

injuries (Count I), negligence per se (Count II), negligent training and supervision (Count III), and payment of property damage (Count IV). Doc. 1.

With leave of the Court, Plaintiff Lucero filed his First Amended Complaint on February 27, 2018, adding Officer Patricia Henry as a defendant. Docs. 36, 37. Plaintiff also added claims against the United States for negligent entrustment (now Count IV), vicarious liability (Count V), and negligent retention (Count VI). Doc. 37. On September 13, 2018, again with leave of the Court, Plaintiff Lucero filed his Second Amended Complaint, adding his wife, Valerie Steward, as a plaintiff. Docs. 48, 49. The Second Amended Complaint also added a claim for loss of consortium (Count VIII). Doc. 49. Defendant Henry answered the Second Amended Complaint and was represented by counsel separately from Defendant United States. *See* Docs. 50, 52.

On January 29, 2019, Plaintiffs filed a Motion for Summary Judgment on the issue of liability. Doc. 67. Defendant United States filed a response, Doc. 71, but Defendant Henry did not. In its response, the United States argued that the Court should dismiss Plaintiffs' claims against the United States for failure to exhaust their administrative remedies. Making the same arguments, the United States also filed a Motion to Dismiss. Doc. 81. The Court granted in part and denied in part the Motion for Summary Judgment; specifically, it:

- dismissed Plaintiff Lucero's claims against the United States for failure to exhaust;

- held that Plaintiff Steward properly exhausted her claim for loss of consortium;

- denied Plaintiff Steward's motion for summary judgment;

- denied Plaintiff Lucero's motion for summary judgment against Defendant Henry as to Count I: negligence;

- granted Plaintiff Lucero's motion for summary judgment against Defendant Henry as to Count II: negligence per se, based on Defendant Henry's act of leaving the accident scene.

Doc. 88. In other words, the Court dismissed Plaintiff Lucero's claims against the United States for failure to exhaust but held that Plaintiff Steward's loss of consortium claim against the United States was still viable. Additionally, the Court held that Plaintiff Lucero was entitled to summary judgment against Defendant Henry on the claim of negligence per se.

On March 26, 2020, after the Court's ruling on summary judgment, Defendant United States filed a Notice of Substitution, substituting the United States for individual defendant Patricia Henry. Doc. 107. The United States noted that Defendant Henry "was an employee of the government acting in the scope of her office or employment at the time the incident out of which the Plaintiffs' claims arose." Doc. 107 ¶ 5. Accordingly, because the Federal Tort Claims Act "provides that upon certification by the Attorney General that a federal employee was acting within the scope of her office or employment at the time of the incident out of which the Plaintiffs['] claim arose, any civil action or proceeding commended upon such a claim and arising under federal law shall be deemed an action against the United States, and the United States shall be substituted as the Defendant with respect to those claims." Doc. 107 ¶ 4 (citing 28 U.S.C. § 2679(d)(1), (2)). Following its notice, Defendant Henry was removed from the case and the United States was substituted as the sole defendant.

On April 23, 2020, Defendant United States settled with Plaintiff Steward. Doc. 108. Thereafter, Plaintiff Steward and the United States filed a stipulation of dismissal, dismissing Plaintiff Steward from the lawsuit. Doc. 111.

The only parties currently remaining in this case are Plaintiff Lucero and Defendant United States. Presently before the Court is Defendant United States' Motion to Strike and Dismiss. Because the Court dismissed Plaintiff Lucero's claims against Defendant United States for failure to exhaust and because the United States has now substituted for Defendant Henry, the United States seeks to strike the judgment the Court previously entered against Defendant Henry as null and void. In other words, the United States seeks dismissal of the entire case.

**ANALYSIS**

The Federal Employees Liability Reform and Tort Compensation Act of 1988, otherwise referred to as the Westfall Act, provides that a suit against the United States is the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken with the scope of their office or employment. 28 U.S.C. § 2679(b)(1). Once the Attorney General certifies that a defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, the United States is substituted as the party defendant and any civil action in federal court is deemed an action against the United States. 28 U.S.C. § 2679(d)(1). Upon certification, the action shall proceed against the United States in the same manner as any action brought under the Federal Tort Claims Act. 28 U.S.C. § 2679(d)(4).

In this case, had the United States immediately substituted itself for Defendant Henry at the beginning of the case, Defendant Henry would have been removed as a real party in interest and the case would have proceeded against only the United States. Accordingly, after the Court dismissed Plaintiff Lucero's claims against the United States for failure to exhaust, the only remaining claim would have been Plaintiff Steward's claim against the United States. And once Plaintiff Steward settled with the United States, all claims in this matter would have been

resolved. Instead, because the United States had not substituted for Defendant Henry at the time of the Court's ruling on summary judgment and failure to exhaust, the Court only dismissed Plaintiff Lucero's claims against the United States and granted summary judgment as to Plaintiff Lucero against Defendant Henry on the claim of negligence per se. The present Motion is effectively seeking to undo the complications caused by the United States' late substitution.

It appears that all remaining parties are in agreement that the United States should substitute for Defendant Henry. First, Plaintiff Lucero did not object to the United States' Notice of Substitution. *See Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995) (noting that the government's certification of scope of employment "is prima facie evidence that the employee's challenged conduct was within the scope of his employment" and that the "plaintiff bears the burden of rebutting the scope-of-employment certification with specific facts"). Plaintiff Lucero also did not object or respond to the present Motion. Lastly, since the beginning of this litigation, Plaintiff Lucero has asserted that Defendant Henry was acting in the course and scope of her employment at the time of the incident. *See* Doc. 1 ¶ 22 (Complaint alleging that "[t]he collision occurred as a direct and proximate result of the negligence of federal employees of the Defendants, the United States of America and the Navajo Nation, while acting within the scope of their duties in the operation of said police vehicle"); Doc. 37 ¶ 43 (First Amended Complaint, alleging the same); Doc. 49 ¶ 6 (Second Amended Complaint, alleging that "[o]n December 28, 2015, Defendant Patricia Henry, a Navajo police officer operating a Navajo police vehicle, committed a hit and run collision with Plaintiff in Gallup, New Mexico while on duty in her course and scope of employment . . . ."). Accordingly, the question before the Court is what impact the late substitution has on the Court's previous judgment against Defendant Henry.

"A district court has discretion to revise interlocutory orders prior to entry of final judgement," and is not limited by the standards for reviewing post-judgment motions filed pursuant to Rule 59(e) or 60(b). *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). In other words, "[t]he Tenth Circuit has not cabined district courts' discretion beyond what rule 54(b) provides: '[D]istrict courts generally remain free to reconsider the earlier interlocutory orders.'" *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. Aug. 15, 2015) (citing *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007)).

Because the Court has not entered a final judgment in this case, it has discretion to review its grant of summary judgment as to Plaintiff Lucero against Defendant Henry on negligence per se. Now that the United States has substituted for Defendant Henry, the Court finds it appropriate to revise and strike its earlier grant of summary judgment. Because it is undisputed that Defendant Henry was acting in the scope of her employment at the time of the incident giving rise to this case, the action is deemed to be against the United States exclusively and the summary judgment as to Defendant Henry is void. *See* 18 U.S.C. § 2679(b)(1), (d)(1); *see also Osborn v. Haley*, 549 U.S. 225, 229 (2007) (holding that the Westfall Act grants federal employees "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."). After striking the earlier grant of summary judgment, no claims remain in this case and the Court therefore dismisses the case in its entirety.

The Court is aware that the procedural posture of this case could open the door to gamesmanship. For example, if a plaintiff brings suit against the United States and an individual employee, the United States could choose not to certify the employee under § 2679, allowing the suit to proceed against both the United States and the individual employee. At some later point during litigation, if the United States is successful on a motion to dismiss, it could then decide to certify the employee so that the United States, a now dismissed party, would substitute for the individual employee and the United States could then move to dismiss the entire action.[1] While such a hypothetical mirrors the procedural progress of this case, the Court does not believe that the United States' actions were intentional or for the purpose of gamesmanship. As the United States represented at the May 20, 2020 status conference, the Assistant United States' Attorney ("AUSA") originally assigned to this case left the office and the current AUSA did not become counsel of record until after the Court entered its order on summary judgment. *See also* Doc. 88 (Memorandum Opinion and Order granting in part Motion for Summary Judgment, entered July 3, 2019); Docs. 103 & 104 (notice of appearance of new counsel for the United States and withdraw of prior counsel on January 2, 2020). When the new AUSA took over the case, he determined that the United States should substitute for Defendant Henry and filed the Notice of

---

[1] A similar argument may be raised on the basis of estoppel. Estoppel "allows one party to prevent another from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage." *Kowalczyk v. I.N.S.*, 245 F.3d 1143, 1149 (10th Cir. 2001) (internal quotation omitted). "The elements of estoppel against a private party are (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury." *Id.* However, "[e]quitable estoppel does not lie against the government in the same manner as it does against private litigants," and may only apply to the government "if some type of affirmative misconduct can be shown." *Id.* Because Plaintiff Lucero does not assert an estoppel argument, the Court will not address is further.

Substitution shortly thereafter. *See* Doc. 112 (clerk's minutes for status conference discussing this issue).

Further, the potential for gamesmanship does not exist in this case because, even if the United States had substituted for Defendant Henry at the inception of the case, the Court would have dismissed those claims for failure to exhaust. In the original Complaint, Plaintiff Lucero brought four claims against Defendant United States: negligent operation of a motor vehicle, negligence per se, negligent training and supervision, and payment of property damage. Doc. 1. In Plaintiff's First Amended Complaint, he added Patricia Henry as a Defendant. Doc. 37. However, he added no new claims against her. Instead, he reasserted claims for negligent operation of a motor vehicle and negligence per se against both Defendant United States and Defendant Henry. *Id.* The Court dismissed those claims for Plaintiff Lucero's failure to exhaust administrative remedies under the Federal Tort Claim Act. Doc. 88. In other words, Plaintiff Lucero brought no new, exhausted claims against Defendant Henry that would have survived the Court's ruling on failure to exhaust had the United States substituted for Henry at the beginning of the case. Thus, the United States gained no tactical advantage by failing to substitute at the beginning of the case.

## CONCLUSION

For the above-stated reasons, the Court grants the Motion to Strike Judgment Against Patricia Henry and For Dismissal of this Case (Doc. 116). The Court strikes its previous judgment against Defendant Henry (Doc. 88) as a result of the United States' Notice of Substitution (Doc. 107). Because all claims between all parties have now been resolved, the Court dismisses this action in its entirety. The Court will enter a Final Order separately.

IT IS SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent